No. 51,013

COFFEYVILLE STATE BANK, *Appellant,* v. JOSEPH W. LEMBECK and CARLENE C. LEMBECK, *Appellees.*

(610 P.2d 616)

Opinion filed May 10, 1980.

*Thomas A. DeVore,* of Hall, Levy, Lively & Viets, of Coffeyville, argued the cause and was on the brief for the appellant.

*Aubrey Neale,* of Neale & Neale, of Coffeyville, argued the cause and *Glen L. Tongier,* of Coffeyville, was with him on the brief for the appellees.

The opinion of the court was delivered by

HERD, J.: This is an appeal by Coffeyville State Bank from a summary judgment granted to Joseph W. Lembeck and Carlene C. Lembeck, husband and wife.

The facts are undisputed. On August 30, 1971, Joseph W. Lembeck gave Coffeyville State Bank a promissory note in the amount of $60,718.17 due in 90 days, with interest at 8½% per annum until maturity and 10% per annum from the date of maturity until paid. The note was secured by personal property. Carlene C. Lembeck did not sign the note. The note was not paid according to its terms and on November 9, 1971, the bank commenced an action against the Lembecks in the district court of Neosho County for judgment on the note.

On May 4, 1972, the parties entered into the following agreement:

"THIS AGREEMENT made this 4th day of May, 1972, by and between Coffeyville State Bank, a Corporation of Coffeyville, Kansas, hereinafter called first party; and Joseph W. Lembeck and Carlene C. Lembeck, husband and wife, of Neosho County, Kansas, hereinafter called second parties.

"WHEREAS, the second parties are indebted to the first party on a certain promissory note dated August 30, 1971, in the principal sum of $60,718.17 with interest of 8½ percent per annum from August 30, 1971, and WHEREAS, first party has filed suit in the District Court of Neosho County, Kansas, sitting at Erie, Kansas, against the defendant, Joseph W. Lembeck, in connection with said indebtedness; and the parties have reached an agreement in connection with said litigation.

"NOW, THEREFORE, it is agreed by and between the parties as follows:

"1.   Second parties have turned over the personal property which secures the promissory note mentioned herein to first party, and the proceeds from the sale of this personal property shall be paid to Coffeyville State Bank.

"2.   Second parties have deeded to first party under date of April 29, 1972, their equity in 80 acres of land in Nowata County, Oklahoma, subject to certain liens and encumbrances against said real property.

"3.   Second parties have executed a certain promissory note in the amount of $8,000.00 in favor of first party, payable at the rate of $200.00 per month without interest, the first payment to be made on May 10, 1972, and a like payment of $200.00 each month thereafter until fully paid.

"4.   First party, in consideration of the foregoing, convenants and agrees that the litigation pending in Neosho County, Kansas, will be dismissed without prejudice and that upon the second parties' payment of the note mentioned herein as agreed, all of second parties' obligations and liabilities to the Coffeyville State Bank which have been the subject of the litigation in Neosho County, Kansas, will be satisfied and canceled.

"5.   Second parties are hereby given 30 days from this date to remove their personal effects from the property located in Nowata County, Oklahoma.

"IN WITNESS WHEREOF, parties to this Agreement have hereunto set their hands the day and year first above written.

> COFFEYVILLE STATE BANK, A
> Corporation, first party
> By:/s/ F. C. Harlow
> F. C. Harlow, President
> /s/ Joseph W. Lembeck
> Joseph W. Lembeck,
> second party
> /s/ Carlene C. Lembeck
> Carlene C. Lembeck,
> second party"

They made one variation from the terms of the agreement. A promissory note in the amount of $8900, instead of $8000, was executed by the Lembecks on April 24, 1972, in favor of the bank, payable without interest at the rate of $200 per month beginning June 10, 1972. Pursuant to the settlement agreement the Lembecks delivered to the bank their personal property and a deed to the 80 acres of land in Nowata County, Oklahoma, on April 24,

1972. Thereafter, the action on the note in Neosho County was dismissed without prejudice.

The defendants made payments on the settlement note until December, 1972, and thereafter were in default until June 24, 1975, when the settlement agreement was amended. The amendment reduced the monthly payment to $100 and stated the balance owed was $5787. The Lembecks failed to pay according to this amended settlement agreement and, on December 9, 1975, the bank filed an action in the district court of Montgomery County for judgment on the settlement note. Judgment was rendered on February 4, 1976, in the amount of $5687 in favor of the bank. The bank acknowledged payment of the judgment in full on October 25, 1978.

In the course of obtaining satisfaction of its judgment against the Lembecks, the bank learned that Joseph Lembeck's father had died in Nowata County, Oklahoma, on March 29, 1978, and that Lembeck would inherit one-half of an estate valued at approximately $250,000. The bank filed suit on the original $60,718.17 note on June 23, 1978, alleging the settlement agreement was an accord upon which judgment had been rendered. The Lembecks answered, alleging the petition failed to state a claim against the defendants upon which relief could be granted and affirmatively pled res judicata, collateral estoppel and the statute of limitations. The bank filed a motion for summary judgment, argued to the court November 9, 1978. At that time the defendants orally moved the court to render summary judgment for them. That motion was granted March 29, 1979. The bank appeals from the trial court's action.

The bank contends the May 4, 1972, settlement agreement is an executory accord and not a novation. The two concepts were distinguished in *Elliott v. Whitney*, 215 Kan. 256, 259, 260, 524 P.2d 699 (1974), where the court stated:

"Novation may be broadly defined as a substitution of a new contract or obligation for an old one which is thereby extinguished [citation omitted]. It is a new contractual relation which has four requisites: A previous valid obligation, the parties must agree to the new contract, the new contract must be valid and the old obligation must be extinguished by the substitution for it of the new one [citations omitted].

"An executory accord has been defined in the following manner:

'The term "accord executory" is and always has been used to mean an agreement for the future discharge of an existing claim by a substituted performance. In order for an agreement to fall within this definition, it is the

promised performance that is to discharge the existing claim, and not the promise to render such performance.' [Citation omitted.]

"The distinction between a novation and an executory accord becomes significant in event of breach of the new agreement. If the new agreement constitutes a novation, a breach does not revive the discharged claim and the parties' rights are controlled by the new agreement [citation omitted].

"On the other hand the effect of a breach of an executory accord is stated in the following:

'Since an accord executory operates at best no more than as a suspension of the antecedent claim, a material breach of the accord by the debtor lifts the suspension and makes the creditor's prior claim again enforceable.' (6 Corbin on Contracts, § 1275, p. 111.)

"The eminent author just cited pinpoints the problem at hand in this fashion:

'It is frequently difficult to determine whether a new agreement is a substituted contract operating as an immediate discharge, or is an accord executory the performance of which it is agreed shall operate as a future discharge. It is wholly a question of intention, to be determined by the usual processes of interpretation, implication, and construction.' [Citation omitted.]"

As stated in *Elliott v. Whitney,* one must determine whether the parties intended to extinguish the old contract by substitution of the new one. In *Elliott,* the second contract was clearly intended to extinguish any liability between the parties arising out of the prior agreement. In this case, the parties agreed as follows with regard to the prior obligation:

"4. First party, in consideration of the foregoing, covenants and agrees that the litigation pending in Neosho County, Kansas, will be dismissed without prejudice and that upon the second parties' payment of the note mentioned herein as agreed, all of second parties' obligations and liabilities to the Coffeyville State Bank which have been the subject of the litigation in Neosho County, Kansas, will be satisfied and canceled."

Clearly, the extinguishment of the prior obligation is conditioned upon the payment of the second note. We find the settlement agreement to be an executory accord. That finding, however, does not resolve the issue. Since the settlement agreement is an executory accord, the Lembecks' breach of that agreement gave rise to a cause of action on the original $67,000 note. The original claim was enforceable when the breach occurred. The bank had a choice of remedies at that time. The bank could have sued on the original note, giving the Lembecks credit for the value of the security surrendered, payments made and the land deeded, or the bank could have brought an action on the accord. The bank elected the latter and has obtained judgment and satisfaction thereof. This clearly presents an election of remedies which

estops the bank from suing on the original note. Restatement of Contracts § 417 (1932).

The following quotation from 6 Corbin on Contracts § 1276 (1962) is also pertinent to this case:

"The two parties may first make an accord executory, that is, a contract for the future discharge of the existing claim by a substituted performance still to be rendered. When this executory contract is fully performed as agreed, there is said to be an accord and satisfaction, and the previously existing claim is discharged."

We have carefully reviewed all other points raised in the briefs, but in light of the foregoing, a discussion of them is unnecessary to a resolution of this controversy.

The judgment of the trial court is affirmed.